## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RUTH WHITEMAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.** CIV-16-975-D |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY, a corporation, and** | § | |
| **MIKE McCLINTOCK INSURANCE** | § | |
| **AGENCY, INC.,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company ("State Farm") hereby files its Notice of Removal ("Notice").  In support hereof, State Farm would respectfully show the Court as follows:

1.    On or about April 21, 2016, Plaintiff Ruth Whiteman filed her Petition ("Complaint") in the matter entitled *Ruth Whiteman v. State Farm Fire and Casualty Company and Mike McClintock Insurance Agency, Inc.*, Case No. CJ-16-57, in the District Court in and for Lincoln County, State of Oklahoma.  A copy of this Complaint is attached as Exhibit 1 hereto, incorporated herein, and made a part hereof for all purposes.

2.      Summons were issued upon State Farm and Defendant Mike McClintock Insurance Agency, Inc. ("McClintock") on or about April 21, 2016.  Attached hereto as Exhibit 2 are true and correct copies of the Summons.

3.      McClintock consents to this removal through its undersigned counsel. McClintock has been improperly or fraudulently joined in this case because there is evidence that Plaintiff's jurisdictional allegations are fraudulent and that Plaintiff has no possibility of recovery against McClintock, the non-diverse defendant.

## NATURE OF THE SUIT

4.      Plaintiff's lawsuit arises out of a claim she made under her homeowners insurance policy for damage to her home which she alleges was caused by one or more earthquakes.  Plaintiff has brought claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.

5.      Plaintiff also brought unspecified causes of action regarding her insurance policy against McClintock and State Farm regarding the issuance of her homeowners insurance policy and the adjustment of her claim, but which appear to sound in "false representation, concealment and deceit."

## BASIS OF REMOVAL

6.      State Farm was and is a corporation organized in Illinois, with its principal place of business in Bloomington, McLean County, Illinois.  Defendant McClintock is a corporation organized in Oklahoma, with its principal place of business in Oklahoma City,

Oklahoma County, Oklahoma, but has been fraudulently joined in this action in order to defeat diversity jurisdiction. Upon information and belief, Plaintiff is a citizen of Oklahoma.

7.      This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that (1) the Plaintiff is an Oklahoma citizen; (2) Plaintiff is completely diverse from State Farm; (3) Plaintiff has fraudulently joined McClintock, in that Plaintiff has a legally insufficient basis for her claims against this non-diverse Defendant, and; (4) the requisite amount in controversy has been satisfied on the face of Plaintiff's Complaint.

8.      Venue is proper because Lincoln County is located within the Western District of Oklahoma. 28 U.S.C. § 1441(a).

9.      The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. As evidentiary support for this allegation, State Farm relies upon Plaintiff's Complaint, in which Plaintiff states she is seeking damages in excess of $75,000.00 her causes of action. Exhibit 1.

10.     This action is timely removed within one year of the commencement of this action and within thirty days 1) of the date on which State Farm received a paper "from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), and 2) of the date State Farm was able "to intelligently ascertain removability." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).

11.     A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).  Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant.  *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).  If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir.2013*); American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").  When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument.  *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir.1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964); *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014).

12.     Plaintiff's lawsuit is, at most, a breach of contract dispute between State Farm and Plaintiff – whether Plaintiff's damage was caused by earthquake (covered under her earthquake policy endorsement) or by some other, excluded cause.  To avoid federal court jurisdiction, Plaintiff attempts to graft extra-contractual claims onto a breach of contract/bad

faith dispute and join as a non-diverse defendant a State Farm insurance sales agency who had no involvement with her claim.  Plaintiff's allegations against McClintock do not provide a basis in law or fact upon which to assert claims for alleged fraud, misrepresentation, or constructive fraud.  Its joinder in this lawsuit must be disregarded as sham or improper joinder.

14.    From the outset, Plaintiff's assertions in her Complaint (coupled with various promises of future amendments) offered only a vague and colorable basis for suing her agent, which necessitated delving into her claims through deposition.  On August 4, 2016, the deposition of Plaintiff was held.

15.    Regarding Plaintiff's allegations that she was told by McClintock that an earthquake endorsement was available on the house, and that "State Farm would repair any damage caused by earthquakes," Exhibit 1 at para. 10, Plaintiff's deposition testimony confirmed this conversation, which lasted "minutes," was the one and only conversation with anyone from McClintock regarding the earthquake endorsement, and that she could recall no other embellishments beyond the general statement that if earthquake damage occurred, that damage would be covered by the endorsement.  Exhibit 3 at 57:21-58:25, 59:23-60:3, 60:15-19.

The earthquake endorsement Plaintiff obtained simply removes references to "earthquake" from the "Losses Not Insured" section of Plaintiff's policy, which contains various exclusions to coverage.  Exhibit 4 (Policy) at Whiteman_Policy_SF_000242,

SF_000260-62.  Plaintiff understood this, because she testified she originally believed what she contends was earthquake damage was in fact excluded settlement damage.  Exhibit 3 at 53:18-54:2, 59:15-19 ("Q.  Do you recall the first time that you had to have any repairs done to your home because of earthquake damage?  A. My son did some taping and mudding, but it wasn't -- it wasn't because of the earthquake. We just thought it was at that time just settling of the house. . . . Q.  And did you know at that time that settlement wasn't covered under your policy?  A.  No.  Settlement is not covered.  Q.  Right.  You knew that?  A. Yes.").

Plaintiff's claim against McClintock regarding this solitary statement serving as a fraudulent "inducement" to purchase the endorsement is legally insufficient on multiple grounds.   First, no false statement or misrepresentation was actually made to Plaintiff: her claim was not denied because the coverage which she had sought to procure and which was subsequently provided was somehow deficient, but because the facts of her loss, as determined by State Farm and its engineer, did not place the claim within the coverage of that earthquake endorsement.  Exhibit 5 (October 21, 2015 Letter from State Farm to Plaintiff); Exhibit 6 (October 16, 2015 engineering report).  Plaintiff was told the truth: if she was determined to have earthquake damage, that damage would be covered (pursuant to the terms and conditions of that coverage).

Moreover, as noted *supra*, since Plaintiff knew and understood that certain causes of loss were excluded under the terms and conditions of the policy, Exhibit 3 at 53:18-54:2,

59:15-19, she also knew and understood that if the cause of loss was found to be something other than earthquake, there would be no payment.  Plaintiff even testified she understood the engineer retained by State Farm had determined the cause of loss was not earthquake-related, which was the basis of State Farm's denial of her claim.  *Id.* at 91:12-23; Exhibit 7 (September 17, 2015 Reservation of Rights Letter from State Farm to Plaintiff). Her agent's office's single statement, even taken in a light most favorable to Plaintiff, does not amount to a misrepresentation, and was not "false" or "misleading."  *See Steiger v. Commerce Acceptance of Oklahoma City, Inc.*, 455 P.2d 81, 86 (Okla. 1969) (all elements of fraud must be present, absence of any one is fatal to claim); *Bankers Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2004) ("An action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." (citation omitted)).

Additionally, this solitary pre-purchase statement is not actionable because it rests upon alleged statements regarding the future performance of the policy.  To establish a claim of misrepresentation, Plaintiff must show that the non-diverse Defendant made an actionable "material misrepresentation," knowing that it was false, or acting with reckless disregard for the truth.  *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 197 (Okla. Civ. App. 2000).  To be actionable, a misrepresentation "must be regarding existing facts and not . . . future events."  *Hall v. Edge*, 782 P.2d 122, 128 n. 4 (Okla.1989); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1282 (N.D. Okla. 2006).  Although statements concerning

future events may be actionable if they "involved a matter peculiarly within the speaker's knowledge," *see id.* at 128, such is not the case here, because prior to an investigation actually being done into the cause of the damage, the fact that the damage was not eathquake-related could not have been "peculiarly within the speaker's knowledge," and Plaintiff cannot reasonably be said to have "relied" on such a statement – especially when she herself testified she believed the damage may have been due to settlement.  Exhibit 3 at 53:18-54:2, 59:15-19.

Finally, there is no duty to "notify" an insured about the "nature" of the insurance purchased.  Oklahoma law is clear that "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (holding no duty to explain coverage terms to insured). McClintock has no duty under Oklahoma law to "notify" Plaintiff about the "nature and character" of her insurance or to provide "appropriate and adequate coverage."

16.    Plaintiff also alleges – again, vaguely – that McClintock committed constructive fraud because, to paraphrase, it did not disclose to her that State Farm was denying "most if not all earthquake claims" or that "very few, if any, damage from

earthquake claims [we]re being paid for under these earthquake endorsements."  Exhibit 1 at paras. 10-11.

Constructive fraud is the concealment of material facts which one is bound under the circumstances to disclose.  *Specialty Beverages, LLC v. Pabst Brewing Co.*, 537 F.3d 1165, 1180 (10th Cir.2008) (applying Oklahoma law).   A duty to disclose may arise from a fiduciary or agency relationship between the parties.  *See S.E.C. v. Cochran*, 214 F.3d 1261, 1265 (10th Cir.2000) (applying Oklahoma law).  Even assuming this "material fact" to be true,[1]  which it is not, there can be no constructive fraud by an agent under these circumstances, because Oklahoma does not recognize a duty to disclose such information by an agent to an insured.  *See Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy."); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006); *Smith v. Allstate Vehicle and Property Ins. Co.* 2014 WL 1382488 (W.D. Okla. Apr. 8 2014) (finding fraudulent joinder of agent).

In *Slusher*, the Oklahoma Supreme Court expressly held that insureds are precluded from recovery under the theory of constructive fraud for failure to explain a particular coverage (or how the lack of such coverage would affect their claim) because the relationship between an insured and its insurer vis-a-vis their agent's representations are "arms' length"

---

[1] The statement is clearly lawyer's hyperbole, in any event, and not a "material fact."

and not any recognized form of "special relationship." *Id.* at 882 n.11. Likewise, the Oklahoma Court of Civil Appeals announced a general rule in *Swickey* that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss."

This rule has been further developed in *Rotan*, 83 P.3d at 895, and *Cosper*, 309 P.3d at 149. In *Rotan*, the court stated that an agent only has a duty to "offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Rotan*, 83 P.3d at 895. In *Cosper*, the court expressly held that an insurance agent has no duty "'to advise an insured with respect to his insurance needs,'" which would include a particular need or reason <u>not</u> to obtain a particular type of coverage (as Plaintiff alleges in this case). *Cosper*, 309 P.3d at 149 (quoting *Rotan*, 83 P.3d at 895); see also *Mueggenborg*, 55 P.3d at 453. As stated by the *Cosper* court:

> Constructive fraud requires a breach of either a legal or equitable duty. Title 15 O.S.2011 § 59 defines constructive fraud as a breach of duty which allows one to gain advantage by misleading another. Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails.

*Cosper*, 309 P.3d at 149.

The Tenth Circuit, when considering a similar allegation as Plaintiff here, has held that even the nondisclosure of a potential <u>future</u> breach of contract does not amount to constructive fraud. In *Myklatun v. Flotek Indus., Inc.*, 734 F.3d 1230 (10th Cir. 2013), the

Court held that it was "not persuaded that Oklahoma law will find a constructive fraud claim to arise whenever a party to a contract fails to disclose that it is taking actions that could potentially result in a future breach." *Id.* at 1235-36.  The Court further noted that "the proper remedy for a breach of contract will be found in a breach of contract claim, not in a claim of fraud based on the breaching party's failure to disclose its potential future breach." *Id.* at 1236.  *See also First Sec. Bank of Beaver, Okl. v. Taylor*, 964 F.2d 1053, 1059 (10th Cir. 1992) (bank allegedly promised to lend money at some future time without disclosing it would not actually do so; held: such conduct does not rise to the level of constructive fraud or fraudulent inducement; "Nonperformance of a contract gives rise to a cause of action for breach of contract, not fraud.").

Additionally, on its face, the allegedly withheld "material fact" that Plaintiff's insurance claim was "likely" to be denied cannot be considered to be something material or detrimentally relied upon, because it still leaves open the possibility Plaintiff's claim would have been found to have been actually caused by an earthquake.[2]  Plaintiff confirmed this possibility with her testimony that even she believed the damage could have been related to settlement, as well as her recognition that she knew settlement damage would not be covered, which shows her anticipation that her claim might be the excluded cause.  Exhibit 3 at 53:18-54:2, 59:15-19.  Moreover, Plaintiff testified there was nothing in the engineer's activity or conclusions which she could point to which was untoward.  Exhibit 3 at 89:9-20, 95:18-96:8.

---

[2]  "Most, if not all" and "very few, if any" are not "all."

17.     State Farm files contemporaneously herewith all pleadings or other documents

on file in the State Court matter, including a copy of the Court's docket sheet, attached hereto

as Exhibit 8, with the exception of the Plaintiff's Complaint attached hereto as Exhibit 1, and

the Summons served upon State Farm and McClintock are attached hereto as Exhibit 2.

WHEREFORE, PREMISES CONSIDERED, STATE FARM FIRE AND

CASUALTY COMPANY, Defendant, pursuant to and in conformity with the requirements

set forth in 28 U.S.C. § 1446, removes *Ruth Whiteman v. State Farm Fire and Casualty*

*Company and Mike McClintock Insurance Agency, Inc.*, Case No. CJ-16-57, in the District

Court in and for Lincoln County, State of Oklahoma, on this, the 24th day of August, 2016.

Respectfully submitted,

By   /s/Benjamin G. Kemble
        David V. Jones, OBA #19611
        Benjamin G. Kemble, OBA #21006
21 E. Main St., Suite 101
Oklahoma City, Oklahoma  73104
Telephone:   (405) 601-8713
Facsimile:   (405) 232-8330
**ATTORNEYS FOR DEFENDANTS,**
**STATE FARM FIRE AND**
**CASUALTY COMPANY AND MIKE**
**McCLINTOCK INSURANCE AGENCY, INC.**

**OF COUNSEL:**
**JONES, ANDREWS & ORTIZ, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th  day of August, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Mr. Steven S. Mansell
Mr. Mark A. Engel
Mr. Kenneth G. Cole
Mr. Adam Engel
101 Park Avenue, Suite 665
Oklahoma City, OK 73102

/s/Benjamin G. Kemble
Benjamin G. Kemble