## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| RUTH WHITEMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a corporation, and MIKE McCLINTOCK INSURANCE AGENCY, INC..<br><br>                         Defendants. | CJ-16-57<br>Case No:<br><br>**FILED**<br><br>APR 2 1 2016<br><br>CINDY KIRBY, COURT CLERK<br>LINCOLN COUNTY, OKLA.<br><br>**JURY TRIAL DEMANDED** |

### PETITION

COMES NOW the Plaintiff, Ruth Whiteman, and for her causes of action against Defendants, allege and state:

1.    Plaintiff owns a home and lives in Meeker, OK.

2.    At all times material hereto Plaintiff's home was insured under State Farm Fire and Casualty Company, Policy No. 36-CT-1420-0 effective September 4, 2010. The subject policy was in full force and effect at all times pertinent hereto. Plaintiff purchased earthquake coverage from State Farm to further protect her home.

3.    Plaintiff's home sustained earthquake damage in May, June and September, 2015.

4.    Plaintiff submitted a claim for earthquake damage to Defendant, made the premises available for inspection by Defendant's adjuster, cooperated in the limited investigation that Defendant performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

### COUNT I

5.    State Farm breached the subject insurance contract by wrongfully denying Plaintiff's claims for loss or damage to her home caused by earthquake.



EXHIBIT
1

6.      State Farm breached the implied covenant of good faith and fair dealing in the

insurance contract, as a matter of standard business practice, in the following respects:

a.      failing and refusing payment and other policy benefits on behalf of Plaintiff at a
time when State Farm knew that it was entitled to those benefits because the
earthquake damage was obvious;

b.      failing to properly investigate Plaintiff's claim by not attempting to view and
consider all apparent damage;

c.      refusing to honor Plaintiff's claims for reasons contrary to the express provisions
of the policy that covers earthquake damage;

d.      refusing to honor Plaintiff's claims in some instances by applying restrictions not
contained in the policy;

e.      refusing to honor Plaintiff's claims in some instances by knowingly misconstruing
and misapplying provisions of the policy;

f.      failing to adopt and implement reasonable standards for the prompt investigation
and reasonable handling of claims arising under these policies, to include
Plaintiff's claims;

g.      not attempting in good faith to effectuate a prompt, fair and equitable settlement
of Plaintiff's claims once liability had become reasonably clear;

h.      failing to properly evaluate the limited investigation that was performed;

i.      refusing to consider the reasonable expectations of the insured that her home
would be covered for earthquake damage;

j.      using the services of a purported expert who, upon information and belief, finds in
a disproportionate number of claims for the insurance company; and,

all in violation of the implied covenant of good faith and fair dealing and resulting in

financial benefit to the Defendant, State Farm.

7.      As a direct result of the above described wrongful acts and omissions by State

Farm, Plaintiff has suffered loss of the coverage promised by State Farm, mental and emotional

distress, costs to mitigate damages and other damages.

8.      Defendant's acts and omissions were with reckless disregard for the rights of others, were done intentionally and with malice, and/or engaged in conduct life threatening to humans, and therefore Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff, demands judgment against Defendant, State Farm, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

## COUNT II

Plaintiff realleges all previous allegations and further alleges and states:

9.      The soliciting agency, Mike McClintock Insurance Agency, Inc., was at all times material hereto an authorized soliciting agent for State Farm Fire and Casualty Company and was the soliciting agent for the involved homeowner's insurance policy and earthquake endorsement sold to Plaintiff.

10.     The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiff. State Farm has insured Ms. Whiteman and her home since the home's construction in 2002. In fact, State Farm agents arrived at her home just days after its completion in 2002 and inspected the site before issuing her insurance. Years later, in the wake of several earthquakes affecting the State of Oklahoma and Lincoln County and widespread media coverage, Ms. Whiteman sought to protect her home from earthquake damage. On or about September 23, 2010, Ms. Ruth Whiteman contacted her insurance agent, Mike McClintock Insurance Agency Inc, and spoke on the phone with his assistant, Jessica who represented to Ms. Whiteman that she could buy an endorsement which would provide coverage to her home in the event of a loss as a result of earthquakes. Ms. Whiteman was concerned with protecting her biggest asset asked if

State Farm would cover damage from these numerous earthquakes and Jessica assured her State Farm would repair any damage caused by earthquakes. In November of 2011, one year after the issuance of earthquake coverage, Ms. Whiteman's home experienced an earthquake, which caused damage her home in the form of cracks in the drywall. Ms. Whiteman's son, Larry, who works in general construction, assured his mother he could tape and cover the minor cracks. Larry covered the cracking in the drywall and ceiling so she didn't submit a claim. In May and June of 2015, Ms. Whiteman began to feel earthquakes more often, some of which were large and she began to notice cracks in the drywall appearing throughout her home. This cracking occurred both in areas where the drywall had previously cracked, as well as in new areas. In September of 2015, Ms. Whiteman felt another earthquake and heard her home cracking underneath her. Concerned for the earthquake damage and the structural integrity of her home, Ms. Whiteman made a claim to State Farm under her earthquake coverage. On the first and only inspection of this claim, State Farm sent their adjuster accompanied by an engineer to Ms. Whiteman's home. The State Farm adjuster stayed just briefly and did no investigation before leaving their hired engineer to inspect the property. The hired engineer "prepared" a report which contained what appears to be standard findings to support denial of the claim.

State Farm denied this claim on the basis that the home experienced "earth movement" rather than earthquake damage. An earthquake is "earth movement". State Farm takes this position knowing Lincoln County alone experienced nearly 150 earthquakes in 2015. Additionally, State Farm ignores the fact Ms. Whiteman's statement at the time of her claim as to when her home sustained damage coincides with a series the county's largest earthquakes of 2015. Furthermore, State Farm's adjuster claims the home was improperly constructed, and therefore, there is no coverage for the earthquake damage to the home. State Farm takes this

coverage position knowing their agents inspected the home and its construction process. Lastly, State Farm and their agent issued this policy year after year knowing very few, if any, damage from earthquake claims are being paid for under these earthquake endorsements. State Farm and their agents issued Ms. Whiteman's policy know their engineers will attribute earthquake damage in the homes to earth movement, settling, or improper construction. Plaintiff will immediately supplement any factual details with specificity that the Plaintiff can identify that are not set forth above.

11.    State Farms agent concealed the fact that State Farm used biased engineers to support denials and that State Farm was denying most if not all earthquake claims.

12.    The described representations by State Farm's agent were material and false and made at a time when Defendants knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

13.    The described representations were made with the intention that Plaintiff should act upon them in purchasing the earthquake endorsement and the Plaintiff did rely upon them to her detriment.

14.    The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of the Plaintiff.

15.    The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendants had a duty to disclose. Such facts were material and were concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of the Plaintiff.

16.    Defendants concealed or failed to disclose these facts with the intention that they be acted upon by Plaintiff and Plaintiff did act in reliance upon it to her detriment.

17.    The described false representations, concealment and deceit induced the Plaintiff to purchase this earthquake endorsement to the policy and Plaintiff, acting in reliance thereon, suffered loss of policy benefits.

18.    As a direct result of the described false representations, concealment, and deceit, Plaintiff suffered loss of the policy coverage promised to them, emotional distress, frustration and duress and other consequential damages.

19.    Defendants' acts and omissions were with reckless disregard for the rights of others, were done intentionally and with malice, and/or engaged in conduct life threatening to humans, and therefore Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for her damages in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages with interest, costs, attorney fees and all other relief which the Court deems just and equitable.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma  73102
T: (405) 232-4100 ** F: (405) 232-4140
Email:  mec@meclaw.net

ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**